COUNTY MOTORS, INC.,
Plaintiff, Appellant,

v.

GENERAL MOTORS CORPORATION,
Defendant, Appellee.

No. 01–1258.

United States Court of Appeals,
First Circuit.

Submitted Jan. 7, 2002.
Decided Feb. 1, 2002.

---

Robert Corrente, with whom Christopher R. Bush and Hinckley Allen & Snyder LLP, were on brief, for appellant.

Daniel L. Goldberg, with whom James C. McGrath, Bingham Dana LLP, Geral C. DeMaria and Higgins, Cavanagh & Cooney, were on brief for appellee.

Before TORRUELLA, Circuit Judge, COFFIN, Senior Circuit Judge, and LIPEZ, Circuit Judge.

TORRUELLA, Circuit Judge.

This is an appeal from a grant of judgment as a matter of law in favor of defendant-appellee, General Motors Corporation, on a claim for breach of an implied covenant of good faith and fair dealing arising out of an automotive dealership contract. Plaintiff-appellant, County Motors, Inc., hereby appeals the judgment, the district court's exclusion of certain evidence, and the pre-trial dismissal of its breach of contract claim against General Motors. Because we find appellant's case moot, we hereby vacate and remand for dismissal.

## I.

County Motors, Inc. ("County") is a Rhode Island corporation licensed to do business as an automobile dealer at 1588 Newport Avenue in Pawtucket, Rhode Island, near the Massachusetts state line. County has been a franchisee and dealer for General Motors Corporation ("GM") since 1993, when it purchased a Pontiac franchise located less than a mile from its current location.

GM sells its vehicles, parts, and services through a network of authorized dealers. Each dealer is assigned a geographic Area of Primary Responsibility in which that dealer is responsible for selling and servicing GM vehicles, as well as generally representing GM. By contract, GM cannot arbitrarily modify a dealer's Area of Primary Responsibility. According to article 4.1 of the Dealer Sales and Service Agreement (GM's standard franchise agreement), the purpose of this geographic distribution of dealers is "to permit each dealer the opportunity to achieve a reasonable return on investment if it fulfills its obligations under its Dealer Agreement."

In metropolitan areas, or Multiple Dealer Areas ("MDAs"), more than one dealer may be assigned to an Area of Primary Responsibility. In such cases, each dealer in the MDA is assigned an Area of Geographic Sales and Service Advantage ("AGSSA"), which is a subsection of the Area of Primary Responsibility containing every census tract that is closer to that dealer than any other dealer in the MDA. In non-metropolitan areas, or Single Dealer Areas ("SDAs"), only one dealer is assigned to an Area of Primary Responsibility. A SDA dealer's Area of Primary Responsibility is equivalent to a MDA dealer's AGSSA; there can be no overlap between dealers' Areas of Primary Responsibility in a SDA or between dealers' AGSSAs in a MDA.

County's dealership is located within the MDA of Providence, Rhode Island. Because of its close proximity to the Massachusetts state line, County's Area of Primary Responsibility and AGSSA have always included census tracts in both Rhode Island and Massachusetts.

On June 11, 1999, GM notified County that it planned to approve the relocation of a Massachusetts GM franchisee, Lance. Lance proposed to move from its location on Pleasant Street in Attleboro, Massachusetts, to the intersection of Routes 1 and 1A in South Attleboro, Massachusetts. Lance's Pleasant Street location was approximately six miles from County's dealership, but the location to which Lance proposed to move was only 1.5 miles from County, on the same street as County's franchise, and within County's Area of Primary Responsibility and AGSSA.

County objected to the proposed relocation, but GM nevertheless approved Lance's move. County responded by filing a protest with the Rhode Island Motor Vehicle Dealers License and Hearing Board ("Board") on July 8, 1999, pursuant to R.I. Gen. Laws § 31–5.1–4.2. In December 1999, the Board concluded, pursuant to this Court's decision in *Fireside Nissan, Inc. v. Fanning*, 30 F.3d 206 (1st Cir. 1994), that it did not have jurisdiction over the relocation of a dealership within Massachusetts, even if such relocation invaded a Rhode Island dealer's Area of Primary Responsibility.

County thereafter filed suit in federal court for violation of the Rhode Island motor vehicle franchising statute, breach of contract, breach of implied covenant of good faith and fair dealing, and interference with contractual relations. The district court dismissed all of County's claims against GM, except for the claim of breach of good faith.

County continued its suit on this claim, seeking injunctive relief to prevent Lance's proposed relocation. After County presented its case at trial, GM moved for judgment as a matter of law. The district court granted GM's motion on February 7, 2001. County appealed. While County's appeal was pending, Lance abandoned its plans to relocate and sold its assets to Cerrone Oldsmobile/GMC ("Cerrone"), an authorized GM dealer in Attleboro, located farther away from County than Lance's proposed relocation site.

## II.

■ The Constitution grants federal courts jurisdiction only over live cases or controversies. U.S. Const., art. III, § 2, cl. 1. "For a case to be justiciable, 'an actual controversy must exist at all stages of appellate ... review, and not simply at the date the action is initiated.'" *Thomas R.W. v. Mass. Dep't of Educ.*, 130 F.3d 477, 479 (1st Cir.1997) (quoting *Roe v. Wade*, 410 U.S. 113, 125, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973)). When circumstances change from the time the suit is filed to the time of appeal, so that the appellate court "can no longer serve the intended harm-preventing function" or "has no effective relief to offer," the controversy is no longer live and must be dismissed as moot. *CMM Cable Rep., Inc. v. Ocean Coast Props., Inc.*, 48 F.3d 618, 621 (1st Cir.1995) (finding interlocutory appeal for preliminary injunction to prevent broadcast was moot after broadcast had already been aired).

■ In this case, appellant County is suing for an injunction to preclude Lance's proposed relocation. However, it is undisputed that Lance has sold the assets of its GM franchise and no longer intends to relocate. Therefore, County has already obtained the relief it sought. As a result, County "no longer has a personal stake in the outcome of the controversy," and, concomitantly, its claim is moot. *Thomas R.W.*, 130 F.3d at 479 (ruling that suit for injunctive relief to provide an aide to disabled child at private school was mooted by child's. matriculation to public school where an aide would be provided).

County disputes that the case is moot, even if it is no longer entitled to the injunctive relief that it originally sought. County contends that there is a live controversy because if this Court were to vacate the district court's judgment and remand the case, the district court could find that County is entitled to nominal damages based on GM's alleged breach of the implied covenant.[1]

■ Although appellant is correct that a claim for damages may prevent a case from becoming moot where injunctive relief no longer presents a live controversy, such claim for damages must have been articulated to the district court. *See id.* at 480 (dismissing suit where appellant conceded injunctive relief was moot and failed to make claim for damages in the district court); *CMM Cable*, 48 F.3d at 621 (finding that suit is not moot because appellant, in addition to injunctive relief, sought damages for past harm). Because County failed to argue that it was entitled to nominal damages until its reply brief, County has waived this claim. *See Thomas R.W.*, 130 F.3d at 480 (applying the "waived if not raised" rule); *CMM Cable*, 48 F.3d at 622 ("A party that neglects to ask the trial court for relief that it might reasonably have thought would be available is not entitled to importune the court of appeals

---

1. County concedes that it did not appeal the district court's denial of punitive damages. As a result, this issue is not before us.

to grant that relief."). Moreover, County has not suffered any damage from GM's actions since Lance's proposed relocation never occurred.

### III.

When a case becomes moot on appeal, we vacate the district court's ruling and remand the case for a dismissal. *See Nat'l R.R. Passenger Corp. v. Int'l Ass'n of Machinists & Aerospace Workers*, 915 F.2d 43, 48 (1st Cir.1990). Because we find that County's request for injunctive relief is no longer live, the judgment below is **vacated**, and the case is **remanded** with direction to dismiss the complaint as moot.